**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

MICHAEL C. KUFSKIE, individually and on
behalf of all others similarly situated,

                             Plaintiff,

      v.

AMERICAN TRAFFIC SOLUTIONS, INC.,

                             Defendant.

Case No. 10-cv-269-JPG

**FIRST AMENDED
CLASS ACTION COMPLAINT**

COMES NOW Plaintiff MICHAEL C. KUFSKIE, individually and on behalf of all others similarly situated, and against Defendant AMERICAN TRAFFIC SOLUTIONS, INC. ("ATS"), files his First Amended Class Action Complaint pursuant to F.R.C.P. Rule 15(a)(1) (amending as a matter of course).  Defendant waived service of Plaintiff's Complaint on June 4, 2010 (Doc. No. 7.)  As such, for his amended causes of action, Plaintiff states as follows:

**NATURE OF ACTION**

1.      This is a class action lawsuit brought on behalf of Plaintiff individually and on behalf of all others similarly situated who received a so-called "Notice of Violation of Public Safety," "Notice of Violation" or similar such notice ("Notice") in regards to a purported traffic violation, in particular, an alleged failure to stop at a red light.[1]

2.      ATS sends the Notice on behalf of its various city clients in the jurisdictions in which it does business.  For example, in the representative case, ATS sent the Notice on behalf of the "City of Florissant" and designed it to look like a legitimate traffic ticket/ordinance

---

[1]      Plaintiff does not have a copy of his Notice of Violation of Public Safety, but once obtained in discovery, will seek leave to add it as an exhibit hereto as *Ex. 1*.

violation ("violation") issued by the city, however, that is not the case.  Instead, the Notice is issued and sent directly by ATS, who contracted with the City of Florissant (among its other city clients across the United States) to run its "Photo Enforcement Program."  In actuality, there was no information filed by the City (or any of the city clients) against Plaintiff or class members and instead, ATS simply sent the Notice directly to Plaintiff (and the class) in an attempt to wrongfully collect monies for itself and its city clients via the purported violation and disguised Notice.

3.      Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et seq.* ("FDCPA") for Defendant's improper practices as alleged herein for sub-classes of each city with which ATS contracts ("FDCPA sub-classes").  Plaintiff also brings causes of action for common law fraud, common law conversion and unjust enrichment for ATS' failure to disclose its for-profit scheme to collect monies on the purported ticket while making it appear that all monies are paid solely to the city clients.  In other words, it fails to disclose it is earning a profit from payment of the "fine" and in the process, converts Plaintiff's and class members' property as well as being unjustly enriched by same.

4.      Plaintiff seeks certification of a Rule 23(b)(3) class for these violations as well as a Rule 23(b)(2) class for a separate cause of action for violation of Plaintiff's and class members' 5th Amendment Right against self-incrimination ("5th Amendment Class").

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction of the claims asserted herein pursuant to 28 U.S.C. 1331, for violations of the FDCPA and 42 U.S.C. 1983, both of which arise under federal law.

6.      Venue is proper pursuant to 28 U.S.C. § 1391 (b) (2).  A substantial part of the events giving rise to the claims alleged herein occurred within this District which include among other things, Defendant sending the Notice to Plaintiff at his residence in Madison County, Illinois.

## PARTIES

7.      At all times relevant, Plaintiff Michael C. Kufskie ("Kufskie" or "Plaintiff") was and is a citizen and resident of Madison County, Illinois.[2]  Kufskie is an approved, valid and licensed driver, licensed by the State of Illinois.  Plaintiff received a "Notice of Violation of Public Safety" for an alleged failure to stop at a red light on or about January 6, 2010.  *Ex. 1*. When Plaintiff attempted to have an attorney enter his appearance to contest the violation, he learned that no information was actually filed against him by the City of Florissant and instead, the Notice was sent to him directly by ATS.

8.      Defendant American Traffic Solutions, Inc. is an Arizona Corporation with its principle place of business in Phoenix, Arizona, and does business throughout the United States, including Illinois.  In Illinois alone, ATS has contracts with the cities of Bedford Park, Cahokia, Cook County, Granite City, Hoffman Estates, Lincolnwood, Maywood, Morton Grove and Skokie.  *Ex. 2*.

9.      On information and belief, ATS has contracts with more than 200 cities governing more than 1,400 camera systems and has more major metropolitan city clients than any other photo enforcement system vendor, including its main competitor, Redflex Traffic Systems, Inc. ("RTS").  The contracts with each city are form contracts and requires ATS to install traffic cameras at various locations throughout each city to capture images (moving and still) of cars

---

[2]      For the record, while it is irrelevant to the outcome of this case, Plaintiff denies that he violated any red light or other traffic ordinance on the date and time that he was alleged in Exhibit 1.

that were allegedly violating intersectional red lights.  Pursuant to its uniform contracts, it is

believed that ATS was not only tasked with the installation of the traffic cameras, but also with

administration of alleged violations on behalf of the city clients that would result from the

operation of the red light cameras.

## BACKGROUND AND FACTUAL ALLEGATIONS

10.     The automated photo traffic enforcement industry was pioneered in the United

States by Defendant's President and CEO, James Tuton.  The first speed camera program was

implemented in Paradise Valley, Arizona in 1987. The red-light camera industry followed nearly

10 years later. As the market has matured and grown, so has ATS.

11.     ATS has grown more than 500% since 2003 and is now the largest provider of

traffic enforcement programs to America's big cities including: New York City and Nassau

County, New York; Philadelphia, Pennsylvania; Washington, D.C.; St. Louis and Kansas City,

Missouri; San Diego, California; Seattle, Washington; Houston, Fort Worth, Irving and

Arlington, Texas; New Orleans and Baton Rouge, Louisiana; Memphis, Tennessee; Fort

Lauderdale, Florida; and Tucson, Mesa, Glendale and Scottsdale, Arizona.

12.     ATS serves more than 200 municipalities and government agencies (both large

and small) with red-light and speed camera enforcement programs. ATS has installed nearly

1,100 cameras around the country, with hundreds more in various planning stages.

13.     When ATS photographs a vehicle it believes failed to stop at a red light, it sends

documentation to the registered owner of the vehicle, which is designed to look like an official

communication from a court, police agency or other quasi-governmental body, claiming a

violation, and demanding a payment[3]. Indeed, on information and belief, ATS has designed its photo enforcement cameras to capture these images even when a light has been red for only 0.1 seconds.  While ATS maintains the images are sent to its various city clients' police departments where an officer views them and sends a citation to the car's registered owner, this is not what actually happens.  Instead, the alleged violators receive the Notice directly from ATS, which contains only a facsimile of a police officer's signature.

14.      Other related tasks are performed exclusively by ATS.  For example, on information and belief, ATS is responsible for maintaining all data on alleged violators on its computer systems located in Arizona, instead of being maintained by its city clients.

15.      In addition, ATS, and not the city clients, maintains a customer service office located within each city with personnel available to answer citizen calls Monday through Friday from 8:00 a.m. until 4:00 p.m.

16.      ATS, and not the city clients, also provides a toll-free telephone number for the purposes of answering alleged violators' questions.  On information and belief, ATS directs and informs its toll-free number operators through uniform call scripts and uniform training manuals to advise callers it is the operator's opinion that he or she should just pay the purported ticket. At no time do its operators disclose ATS has a financial interest in the payment being made or that its operators have no familiarity with the applicable state law.

17.      Finally, on information and belief, Defendant has agreed to provide expert witnesses to the city clients for use in prosecuting alleged violations.

---

[3]      Counts I through VI of this action do not seek to declare or adjudicate anyone innocent of any charge, or to attack red light cameras *per se*.  Instead, Counts I through VI only challenge the illegal debt collection practices of Defendant.

18.     On January 6, 2010, on behalf of a city client, the City of Florissant, Defendant directly sent Plaintiff a "Notice of Violation of Public Safety" and was requested to pay $100 to the city.

19.     Plaintiff did not pay the requested amount and was later sent by Defendant, again on behalf of a city client, the City of Florissant, a "Notice to Appear." *Ex. 3.* The "Notice to Appear" contains information (date/time/place) about the purported violation and again demands payment of $100. It states, "This violation is a non moving infraction and no points will be assessed." *Ex. 3, p. 2.* On information and belief, this statement is a uniform representation that is made on each Notice sent to each class member on behalf of each city client throughout the class period. On information and belief, its purpose is to act as further enticement to pay, because it is an impossibility for an alleged violation of failing to stop (i.e., **moving**) through a red light to be a "**non-moving** infraction."

20.     Contrary to applicable state laws however, at no time was a criminal information filed against Plaintiff (or class members) nor signed by a prosecutor nor summons issued. See e.g., *RSMO § 304.120, Missouri Supreme Court Rules 38.04, 37.34, 37.35 37.34, 37.43.* There was also no exception to the filing of a summons. *Rule 37.43.* At no time did Defendant inform Plaintiff (or class members) of these requirements that it failed to comply with. Instead, it mailed Plaintiff (and class members) the Notice and attempted to collect monies it asserted were due.

## FAIR DEBT COLLECTION PRACTICES ACT ALLEGATIONS

21.     ATS is a "debt collector" as defined by 15 U.S.C. 1692(a). A "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to

collect, directly or indirectly, debts owed or due or asserted to be owed or due another.  *15 U.S.C. 1692(a).*

22.     ATS used and uses the U.S. Post to send and did send the Notice to Plaintiff (and class members) to collect a debt asserted to be owed by Plaintiff (and class members) to the City of Florissant (and the various city clients) through the Notices which are disguised to look like traffic fines, violations or tickets, when in reality, as alleged herein, no criminal information has been filed against Plaintiff or the class.  As such no fine, violation or ticket actually exists.  It is therefore impossible for the Notices to arise out of transactions associated with fines, violations or tickets.

23.     Instead, the Notice represents an obligation (or alleged obligation) for Plaintiff and class members to simply pay money.  The Notice arises out of a transaction in which the subject of thereof (i.e., operation of Plaintiff's car) was being used for personal, family or household purposes.  The operation of Plaintiff's and class members' cars are a consensual transaction between Plaintiff and class members on the one hand and the various state authorities on the other, because Plaintiff (and class members) are alleged to be approved and valid drivers, licensed to drive by the applicable state authority.

24.     Plaintiff and members of the classes are natural persons who are obligated and/or allegedly obligated to pay a debt.

25.     At all times relevant Defendant had a duty to comply with the Fair Debt Collections Practices Act, 15 U.S.C. 1692*, et seq*, and the specific subsections cited heretofore.

26.     Pursuant to 15 U.S.C. 1692(k):

> Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of —

(1)   any actual damage sustained by such person as a
result of such failure;

(2)

    (A)   in the case of any action by an individual,
such additional damages as the court may
allow, but not exceeding $1,000; or

    (B)   in the case of a class action, (i) such amount
for each named plaintiff as could be
recovered under subparagraph (A), and (ii)
such amount as the court may allow for all
other class members, without regard to a
minimum individual recovery, not to exceed
the lesser of $500,000 or 1 per centum of the
net worth of the debt collector; and

(3)   in the case of any successful action to enforce the
foregoing liability, the costs of the action, together
with a reasonable attorney's fee as determined by
the court.

27.     Defendant's conduct as alleged herein was intentional and not the result of a *bona fide* error.  Moreover, on information and belief, Defendant has not adopted any procedures to avoid any such error.

## CLASS ALLEGATIONS

28.     Plaintiff brings Counts I-VI herein as class claims pursuant to Fed. R. Civ. P. 23. The requirements of Fed. R. Civ. P. 23(a) and (b)(3) are met with respect to the class defined below.

### A.     Class Definition

29.     The FDCPA Class is defined as follows:

All licensed drivers in Illinois (except Cook County) and
Florissant, Missouri who have been mailed a Notice of Violation
of Public Safety, Notice of Violation or similar notice by

Defendant in relation to an alleged failure to stop at a red light as imaged by an ATS red light camera on or after April 12, 2009.[4]

Excluded from the Class are:  all persons in Cook County, Illinois, Defendant, any entities in which it has a controlling interest, any of its parents, subsidiaries, affiliates, officers, directors, employees and members of such persons immediate families, the presiding judge(s) in this case and his, her on their immediate family and Plaintiff's counsel.  Also excluded from the FDCPA Class is any person who received a Notice for an alleged traffic violation while using the subject car for non-personal, non-family or non-household use.

**B.      Numerosity**

30.      At this time, Plaintiff does not know the exact size of the class; however, due to the fact that ATS is one of the largest providers of traffic enforcement programs to America's major cities, Plaintiff believes that the Class members are so numerous that joinder of all members is impracticable.  The number and identities of Class members is administratively feasible and can be determined through appropriate discovery and identification from Defendant's uniform contracts and records.

**C.      Commonality**

31.      There are questions of law or fact common to the class, including at least the following:

(a)      Whether Defendant is a debt collector as defined by 15 U.S.C. § 1692(a);

(b)      Whether Defendant violated the FDCPA as alleged herein;

(c)      Whether Defendant owed a duty to Plaintiff and/or the Class not to violate the FDCPA;

---

[4]      Plaintiff reserves the right to amend the class definition based upon future investigation, discovery and the proofs at trial.

(d)      Whether Defendant breached its duty to refrain from violating the FDCPA

in sending Plaintiff and the class the Notice and Notice to Appear; and

(e)      Whether Plaintiff and Class members have sustained damages, and if so,

what is the proper measure of those damages.

**D.      Typicality**

32.      Plaintiff has the same interests in this matter as all other members of the Class,

and his claims are typical of all members of the class.

**E.      Adequacy**

33.      Plaintiff is committed to pursuing this action and has retained competent counsel

experienced in the prosecution and successful resolution of consumer class actions.  Plaintiff will

fairly and adequately represent the interests of the Class members and does not have interests

adverse to the Class members and does not have interests adverse to the Class.

**F.      The Prerequisites of Rule 23(b)(3) are Satisfied**

34.      This case satisfies the prerequisites of Fed. R. Civ. P. 23(b)(3).  The common

questions of law and fact enumerated above predominate over questions affecting only individual

members of the Class, and a class action is the superior method for fair and efficient adjudication

of the controversy.  The likelihood that individual members of the Class will prosecute separate

actions is remote due to the extensive time and considerable expense necessary to conduct such

litigation, especially when compared to the relatively modest amount of monetary relief at issue

(e.g., $100) for each individual Class member.  This action will be prosecuted in a fashion to

ensure the Court's able management of this case as a class action on behalf of the class.

## CAUSES OF ACTION

### COUNT I
### (Violation of 15 U.S.C. § 1692(e)(1) – false or misleading representations)

35.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 to 34, as if fully set forth herein.

36.     The Notice sent by ATS claims that it is sent by a law enforcement officer, court or quasi-governmental body, when in fact, it is not and is instead sent directly by ATS to Plaintiff and FDCPA class members.

37.     In particular, in violation of 15 U.S.C. 1692(e), Defendant sent to Plaintiff written communications, which appear to be from the City of Florissant, and Police Officer Walt Thomas, when in truth and in fact it was sent by and from Defendant ATS, and as of the date of filing this amendment, no case concerning Plaintiff (or FDCPA class members) is on file in Florissant, Missouri (or the various city clients).

38.     As a proximate cause of the foregoing, Plaintiff and FDCPA class members have been damaged in an amount to be proven at trial, and in excess of One Dollar.

**WHEREFORE,** Plaintiff, individually and on behalf of the FDCPA classes of persons described herein, pray for an Order as follows:

A.     Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23(a) and (b)(3), and certifying the FDCPA class defined herein;

B.     Designating Plaintiff as representative of the FDCPA class and his counsel as class counsel;

C.     Entering judgment in favor or Plaintiff and the FDCPA class and against Defendant;

D.      Awarding Plaintiff and FDCPA class members their actual damages, statutory damages, costs and attorneys' fees, including interest thereon; and

E.      Granting such further relief as the Court deems just.

**COUNT II**
**(Violation of 15 U.S.C. § 1692(e)(5) – false or misleading representations)**

39.      Plaintiff repeats and realleges the allegations set forth in paragraphs 1 to 34, as if fully set forth herein.

40.      The Notice sent by ATS threatens legal action which is not contemplated in that it threatens "additional court action," when no court action has yet taken place, and none is intended in violation of *15 U.S.C. 1692(e)(5). Ex. 3, p. 2.*

41.      As a proximate cause of the foregoing, Plaintiff and FDCPA sub-class members have been damaged in an amount to be proven at trial, and in excess of One Dollar.

**WHEREFORE,** Plaintiff, individually and on behalf of the FDCPA class of persons described herein, pray for an Order as follows:

A.      Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23(a) and (b)(3), and certifying the FDCPA class defined herein;

B.      Designating Plaintiff as representative of the FDCPA class and his counsel as class counsel;

C.      Entering judgment in favor or Plaintiff and the FDCPA class and against Defendant;

D.      Awarding Plaintiff and FDCPA class members their actual damages, statutory damages, costs and attorneys' fees, including interest thereon; and

E.      Granting such further relief as the Court deems just.

## COUNT III
### (Violation of 15 U.S.C. § 1692(e)(11) – false or misleading representations)

42.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 to 34, as if fully set forth herein.

43.     The Notice sent by ATS fails to disclose that it is an attempt to collect a debt in violation of *15 U.S.C. 1692(e)(11).*

44.     As a proximate cause of the foregoing, Plaintiff and FDCPA class members have been damaged in an amount to be proven at trial, and in excess of One Dollar.

**WHEREFORE,** Plaintiff, individually and on behalf of the FDCPA class of persons described herein, pray for an Order as follows:

A.     Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23(a) and (b)(3), and certifying the FDCPA class defined herein;

B.     Designating Plaintiff as representative of the FDCPA class and his counsel as class counsel;

C.     Entering judgment in favor or Plaintiff and the FDCPA class and against Defendant;

D.     Awarding Plaintiff and FDCPA class members their actual damages, statutory damages, costs and attorneys' fees, including interest thereon; and

E.     Granting such further relief as the Court deems just.

## COUNT IV
### (Violation of 15 U.S.C. § 1692(e)(11) – false or misleading representations)

45.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 to 34, as if fully set forth herein.

46. The Notice sent by ATS fails to disclose that any information obtained will be used for the purposes of collecting a debt in violation of *15 U.S.C. 1692(e)(11).*

47. As a proximate cause of the foregoing, Plaintiff and FDCPA class members have been damaged in an amount to be proven at trial, and in excess of One Dollar

**WHEREFORE,** Plaintiff, individually and on behalf of the FDCPA class of persons described herein, pray for an Order as follows:

A. Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23(a) and (b)(3), and certifying the FDCPA class defined herein;

B. Designating Plaintiff as representative of the FDCPA class and his counsel as class counsel;

C. Entering judgment in favor or Plaintiff and the FDCPA class and against Defendant;

D. Awarding Plaintiff and FDCPA class members their actual damages, statutory damages, costs and attorneys' fees, including interest thereon; and

E. Granting such further relief as the Court deems just.

## <u>COUNT V</u>
**(Violation of 15 U.S.C. § 1692(e)(11) – false or misleading representations)**

48. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 to 34, as if fully set forth herein.

49. The Notice sent by ATS fails to disclose that it is from a debt collector in violation of *15 U.S.C. 1692(e)(11).*

50. As a proximate cause of the foregoing, Plaintiff and FDCPA class members have been damaged in an amount to be proven at trial, and in excess of One Dollar.

**WHEREFORE,** Plaintiff, individually and on behalf of the FDCPA class of persons described herein, pray for an Order as follows:

A. Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23(a) and (b)(3), and certifying the FDCPA class defined herein;

B. Designating Plaintiff as representative of the FDCPA class and his counsel as class counsel;

C. Entering judgment in favor or Plaintiff and the FDCPA class and against Defendant;

D. Awarding Plaintiff and FDCPA class members their actual damages, statutory damages, costs and attorneys' fees, including interest thereon; and

E. Granting such further relief as the Court deems just.

<u>**COUNT VI**</u>
**(Violation of 15 U.S.C. § 1692(g)(a) – false or misleading representations)**

51. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 to 34, as if fully set forth herein.

52. The Notice sent by ATS fails to notify Plaintiff and the FDCPA class members of a consumer's right to dispute the debt in violation of *15 U.S.C. 1692(g)(a).*

53. As a proximate cause of the foregoing, Plaintiff and the FDCPA class members have been damaged in an amount to be proven at trial, and in excess of One Dollar.

**WHEREFORE,** Plaintiff, individually and on behalf of the FDCPA sub-classes of persons described herein, pray for an Order as follows:

A. Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23(a) and (b)(3), and certifying the FDCPA class defined herein;

15

B.      Designating Plaintiff as representative of the FDCPA class and his counsel as class counsel;

C.      Entering judgment in favor or Plaintiff and the FDCPA class and against Defendant;

D.      Awarding Plaintiff and FDCPA class members their actual damages, statutory damages, costs and attorneys' fees, including interest thereon; and

E.      Granting such further relief as the Court deems just.

<u>**COUNT VII**</u>
**(Common Law Fraud)**

54.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 to 20, as if fully set forth herein.

55.     This Count is brought as a class claim pursuant to Fed. R. Civ. P. Rule 23 on behalf of all persons licensed to drive in Illinois and the City of Florissant, MO who have been mailed a Notice by Defendant ATS in relation to a purported failure to stop at a red light as imaged by an ATS red light camera located in each of the city clients with which ATS contracts (excluding Cook County, Illinois).   The requirements of Fed. R. Civ. P. 23(a) and (b)(3) are met with respect to the class defined below.

A.      **Class Definition**

56.     The Class is defined as:

All licensed drivers in Illinois (except Cook County) and the City of Florissant, MO who have been mailed a Notice of Violation of Public Safety, Notice of Violation or Similar Notice by Defendant

16

ATS in relation to an alleged failure to stop at a red light, as imaged by an ATS red light camera, on or after April 12, 2007.[5]

Excluded from the Class are:  all persons in Cook County, Illinois, Defendant, any entities in which it has a controlling interest, any of its parents, subsidiaries, affiliates, officers, directors, employees and members of such persons immediate families, the presiding judge(s) in this case and his, her on their immediate family and Plaintiff's counsel.

### B.    Numerosity

57.    At this time, Plaintiff does not know the exact size of the class; however, due to the fact that ATS is the largest provider of traffic enforcement programs to America's major cities, Plaintiff believes that the Class members are so numerous that joinder of all members is impracticable.  The number and identities of Class members is administratively feasible and can be determined through appropriate discovery and identification from Defendant's records.

### C.    Commonality

58.    There are questions of law or fact common to the class, including at least the following:

(a)    Whether Defendant had a duty to disclose to Plaintiff and the class members that it is a private, for-profit company which keeps a portion of the purported "fine" as profit;

(b)    Whether Defendant designed its Notice to appear to be from a law enforcement officer, court or other quasi-government agency;

(c)    Whether Defendant breached its duty to disclose to Plaintiff and the class members the facts as alleged herein; and

---

[5]    Plaintiff reserves the right to amend the class definition based upon future investigation, discovery and the proofs at trial.

(d)     Whether Plaintiff and class members have sustained damages, and if so, what is the proper measure of those damages.

**D.     Typicality**

59.     Plaintiff has the same interests in this matter as all other members of the Class, and his claims are typical of all members of the class.

**E.     Adequacy**

60.     Plaintiff is committed to pursuing this action and has retained competent counsel experienced in the prosecution and successful resolution of consumer class actions.  Plaintiff will fairly and adequately represent the interests of the Class members and does not have interests adverse to the Class members and does not have interests adverse to the Class.

**F.     The Prerequisites of Rule 23(b)(3) are Satisfied**

61.     This case satisfies the prerequisites of Fed. R. Civ. P. 23(b)(3).  The common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class, and a class action is the superior method for fair and efficient adjudication of the controversy.  The likelihood that individual members of the Class will prosecute separate actions is remote due to the extensive time and considerable expense necessary to conduct such litigation, especially when compared to the relatively modest amount of monetary relief at issue (e.g., $100) for each individual Class member.  This action will be prosecuted in a fashion to ensure the Court's able management of this case as a class action on behalf of the class.

62.     ATS, through its experience, was in a position of superiority over Plaintiff and class members with respect to the knowledge that it was receiving a portion of the purported amount owed.  Moreover, ATS purposefully designed the Notice to appear as if it is from a law enforcement officer, agency or quasi-governmental body.

18

63.     When ATS sends the Notice to Plaintiff and class members, it fails to disclose that it is a private, for-profit company that will receive a portion of the payment amount.  It also fails to disclose the amount of the portion it keeps (e.g., 33%, 50%, 85% of the payment amount).

64.     Given its position of superiority over Plaintiff and the class and that it disguised its Notice as coming from a law enforcement agency, court or other quasi-governmental body, ATS had a duty to disclose these material facts.

65.     If Plaintiff (and members of the class) were told the information alleged herein, they would not have made the payment or would have paid a reduced amount.

66.     In other words, because 1) the Notice is designed to appear to be from a law enforcement officer, agency or quasi-governmental body and 2) ATS is a for-profit private company, that 3) keeps a portion of the payment as profit, Plaintiff and class members were entitled to disclosure of those facts because:

> (a)     Knowing the truth about the above facts would be a material fact in Plaintiff's or a class member's decision-making process (i.e., whether to pay the amount purported owing, or what amount to pay); and

> (b)     Without ATS' disclosure, Plaintiff and class members would either (1) not know that there is a private, for-profit company retaining a portion of the "fine" amount; (2) what the true "fine" amount is and (3) it was sent to them by a private, for profit company instead of a law enforcement officer, agency or quasi-government body unless/until they were told otherwise.

67.     Plaintiff and the class members reasonably relied on ATS to disclose these material facts.  If ATS had disclosed the above facts to Plaintiff and class members, they could have (and would have) prevented economic injury by either not making the payment, or not paying the amount alleged was owing.

68.     ATS failed to disclose these material facts and, as a proximate result, Plaintiff and class members have been damaged because: (a) they made a payment which they may not

otherwise have had to pay; or (b) they paid an amount which included a secret, pass through amount paid to a non-disclosed for-profit private company.

**WHEREFORE,** Plaintiff, individually and on behalf of the Class of persons described herein, pray for an Order as follows:

A.      Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23(a) and (b)(3), and certifying the Class defined herein;

B.      Designating Plaintiff as representative of the Class and his counsel as Class counsel;

C.      Entering judgment in favor or Plaintiff and the Class and against Defendant;

D.      Awarding Plaintiff and Class members their actual individual damages, costs and attorneys' fees, including interest thereon; and

E.      Granting such further relief as the Court deems just.

## COUNT VIII
### (Common Law Conversion)

69.      Plaintiff repeats and realleges the allegations set forth in paragraphs 1 to 20, 55-57 and 59-61 as if fully set forth herein.

70.      There are questions of law or fact common to the class, including at least the following:

(a)      Whether Defendant purposefully designed the Notice it sent to Plaintiff and class members to appear as if it is from a law enforcement officer, agency or quasi-governmental body;

(b)      Whether Defendant designed its Notice to intimidate Plaintiff and class members into making a payment; and

(c)     Whether Plaintiff and class members have sustained damages, and if so, what is the proper measure of those damages.

71.     As alleged herein, ATS purposefully designed the Notice it sent to Plaintiff and class members to appear as if it is from a law enforcement officer, agency or quasi-governmental body, when it fact, it was sent directly by ATS.  In other words, ATS is collecting what it (mis) characterizes as a "public fine" when by virtue of the fact it is a private, for-profit company, it has no standing or private right to collect.

72.     Plaintiff and class members had clear legal ownership and right to possession of their money at the time they made their payment.

73.     By wrongfully failing to disclose the true nature of its city clients' photo enforcement program as alleged herein (i.e., that ATS was a secret, non-disclosed, private, for-profit company keeping a portion of the payment) Defendant improperly took Plaintiff's and class members' money.  In the alternative, Defendant improperly took that portion of Plaintiff's and class members' payment which ATS kept as profit.

74.     As a result of Defendant's conduct, Plaintiff and class members are damaged in the amount of the payment, or alternatively, that amount of the payment which ATS took as a profit, plus interest accrued since the time of payment.

**WHEREFORE,** Plaintiff, individually and on behalf of the Class of persons described herein, pray for an Order as follows:

A.     Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23(a) and (b)(3), and certifying the Class defined herein;

B.      Designating Plaintiff as representative of the Class and his counsel as Class counsel;

C.      Entering judgment in favor or Plaintiff and the class and against Defendant;

D.       Awarding Plaintiff and class members their actual individual damages, costs and attorneys' fees, including interest thereon; and

E.      Granting such further relief as the Court deems just.

**COUNT IX**
**(Unjust Enrichment)**

75.      This Count is brought based on the tortious conduct alleged in Count VII-VIII, *supra*.

76.      Plaintiff repeats and realleges the allegations set forth in paragraphs 1 to 20, 55-57 and 59-61 as if fully set forth herein.

77.      There are questions of law or fact common to the class, including at least the following:

> (a)      Whether Defendant purposefully designed the Notice it sent to Plaintiff and class members to appear as if it is from a law enforcement officer, agency or quasi-governmental body;

> (b)      Whether Defendant designed its Notice to intimidate Plaintiff and class members into making a payment; and

> (c)      Whether Plaintiff and class members have sustained damages, and if so, what is the proper measure of those damages.

78.      Plaintiff and other class members conferred benefits upon Defendant by making payments for a purported "fine" for what they thought was a city ordinance violation.  Had Plaintiff and class members known the true nature of Defendant's photo enforcement program as alleged herein (i.e., that ATS was a secret, non-disclosed, private, for-profit company keeping a portion of the payment) Plaintiff and class members would not have made the payment, or

22

alternatively, would have paid a reduced amount (i.e., an amount not including the profit to ATS).

79.     ATS provided no consideration to Plaintiff or class members for the retention of the increased revenue resulting from the payments.

80.     Defendant has reaped the benefit of substantial monetary profits by improperly disguising its Notice as coming from a law enforcement officer, court or other quasi-governmental body in order to procure full payment from Plaintiff and class members.

81.     Such improper conduct constitutes unjust enrichment for Defendant and it would violate the fundamental principles of justice, equity, and good conscience for it to retain the benefits received from Plaintiff and class members without returning in full the amount of profit made by its red light camera system.

**WHEREFORE,** Plaintiff, individually and on behalf of the Class of persons described herein, pray for an Order as follows:

A.     Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23(a) and (b)(3), and certifying the Class defined herein;

B.      Designating Plaintiff as representative of the Class and his counsel as Class counsel;

C.     Entering judgment in favor or Plaintiff and the class and against Defendant;

D.      Awarding Plaintiff and class members their actual individual damages, costs and attorneys' fees, including interest thereon; and

E.     Granting such further relief as the Court deems just.

## COUNT X
### (Violation of Fifth Amendment)

82.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 to 20, as if fully set forth herein.

83.     This Count is brought as a class action behalf of all persons who have been mailed documents by Defendant ATS in relation to red light cameras located in the state of Illinois (excluding Cook County) and the City of Florissant, Missouri, and which is based on an allegation of failing to stop at a red light, when the claim is asserted against the vehicle owner, without any evidence that the owner was driving the vehicle, and which places the driver in the position of being forced to waive his fifth amendment rights to challenge the charge, or be convicted, and when the charging jurisdiction has not enacted legislation actually making the owner of the vehicle responsible for the conduct of drivers who might fail to stop at a light.

84.     When ATS sends the paperwork to Plaintiff, and the members of the Plaintiff class, it is jointly and willfully engaging with the state actors who contract with it, under color of state law, to act as herein alleged.

85.     At all times relevant, there existed a provision of the Constitution of the United States, commonly known as the Fifth Amendment, which states, in relevant part, "…nor shall be compelled in any criminal case to be a witness against himself…".

86.     The U.S. Supreme Court has held that the right against self-incrimination applies whether the witness is in a federal or state court (see *Malloy v. Hogan*, 378 U.S. 1 (1964)), and whether the proceeding itself is criminal or civil (see *McCarthy v. Arndstein*, 266 U.S. 34 (1924)).

24

87.     ATS, through and along with the state actors by which it is jointly and willfully acting with, has set up a regime whereby an owner of a vehicle is presumed guilty of a charge, unless and until he or she provides an affidavit blaming someone else for the alleged crime.

88.     In so doing, Defendant, along with the state actors by which it is jointly and willfully acting, is forcing persons to provide an *ex officio mero* (confessions or swearing of innocence, usually before hearing any charges), and anyone refusing is taken for guilty, similarly to how suspected Puritans were pressed to take the oath and then reveal names of other Puritans prior to the Revolution.

89.     In the most famous Fifth Amendment case, John Lilburn refused to take the oath in 1637. His case and his call for "freeborn rights" were rallying points for reforms against forced oaths, forced self-incrimination, and other kinds of coercion.  Oliver Cromwell's revolution overturned the practice and incorporated protections, in response to a popular group of English citizens known as the Levellers. The Levellers presented *The Humble Petition of Many Thousands* to Parliament in 1647 with 13 demands, third of which was the right against self-incrimination in criminal cases. These protections were brought to America by Puritans, and were later incorporated into the United States Constitution through the Bill of Rights, and specifically the Fifth Amendment.

90.     At all times relevant, there exists a certain statute, 42 U.S.C. 1983, that states as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

91.     In violation of 42 U.S.C. 1983, Defendant ATS acted as heretofore alleged.

92.     Plaintiff brings this count as a class claim pursuant to Fed. R. Civ. P. 23.  The requirements of Fed. R. Civ. P. 23(a) and (b)(2) are met with respect to the class defined below.

**A.     Class Definition**

93.     The 5th Amendment Class is defined as:

> All persons in Illinois and the City of Florrisant, MO who have received notification from Defendant, in connection with an alleged failure to stop at a red light as imaged by an ATS red light camera at any time from March 1, 2007 to the date of trial, and which was facially issued from a jurisdiction without a statute imposing liability on the vehicle owner, and which provided a presumption of guilt, unless the person accused provided an affidavit or other evidence identifying the driver of the vehicle.[6]

Excluded from the Class are:  Defendant, any entities in which it has a controlling interest, any of its parents, subsidiaries, affiliates, officers, directors, employees and members of such persons immediate families, the presiding judge(s) in this case and his, her on their immediate family and Plaintiff's counsel.

**B.     Numerosity**

94.     At this time, Plaintiff does not know the exact size of the class; however, due to the fact that ATS is the largest provider of traffic enforcement programs to America's major cities, Plaintiff believes that the Class members are so numerous that joinder of all members is impracticable.  The number and identities of Class members is administratively feasible and can be determined through appropriate discovery and identification from Defendant's records.

**C.     Commonality**

95.     There are questions of law or fact common to the class, including at least

---

[6]     Plaintiff reserves the right to amend the class definition based upon future investigation, discovery and the proofs at trial.

the following:

(a)     Whether the Defendant violated the Fifth Amendment rights of Plaintiff and the class;

**D.      Typicality**

96.     Plaintiff has the same interests in this matter as all other members of the Class, and his claims are typical of all members of the class.

**E.      Adequacy**

97.     Plaintiff is committed to pursuing this action and has retained competent counsel experienced in the prosecution and successful resolution of consumer class actions.  Plaintiff will fairly and adequately represent the interests of the Class members and does not have interests adverse to the Class members and does not have interests adverse to the Class.

**F.      The Prerequisites of Rule 23(b)(2) are Satisfied**

98.     This case satisfies the prerequisites of Fed. R. Civ. P. 23(b)(2).  By sending out common Notices and Notices to Appear, which all state uniform language for an identical purpose, ATS has acted on grounds that apply generally to the class.  Declaratory relief is thus appropriate with respect to the class as a whole to declare their 5th Amendment rights have been violated.

**WHEREFORE,** Plaintiff, individually and on behalf of the Class of persons described herein, pray for an Order as follows:

A.      Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23(a) and (b)(2), and certifying the Class defined herein;

B.      Designating Plaintiff as representative of the Class and his counsel as Class counsel;

C.      Entering judgment in favor or Plaintiff and the Class and against Defendant;

       D.      Awarding Plaintiff and Class members their actual individual damages, costs and attorneys' fees, including interest thereon; and

       E.      Granting such further relief as the Court deems just.

**DATED**: June 22, 2010              Respectfully submitted,

                              **Michael C. Kufskie,**
                              **Class Plaintiff,**

                              By:    /s/ Jeffrey A. J. Millar
                                    One of His Attorneys

| | |
|---|---|
| Thomas G. Maag #6272640 | Jeffrey A. J. Millar #6271673 |
| **Wendler Law, P.C.** | **Brent Coon & Associates, P.C.** |
| 900 Hillboro, Suite 10 | 12201 Big Bend Blvd, Suite 200 |
| Edwardsville, IL 62025 | St. Louis, MO 63122 |
| Telephone: (618) 692-0011 | Telephone : (314) 822-0732 |
| Facsimile: (618) 692-0022 | Facsimile : (314) 822-0943 |
| | |
| Peter J. Maag #6286765 | |
| **Maag Law Firm, LLC** | **Attorneys for Plaintiff and proposed classes** |
| P.O. Box 224 | |
| Breese, IL 62230 | |
| Telephone: (618) 541-2934 | |